## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### HAUSENFLUCK V. COMMONWEALTH.

#### January 31st, 1889.

1. CONSTITUTION—*Grand jury—Virginia statute.*—§ 3977, Code 1887, providing that a special grand jury shall consist of not less than six or more than nine persons, is not repugnant to Articles V and XIV of the amendments to the U. S. Constitution.

2. CRIMINAL PROCEEDINGS—*Seduction—Case at bar.*—Accused was tried on indictment for seduction under § 3677, Code 1887, convicted and sentenced to the penitentiary. Testimony of prosecutrix, supported by evidence of admissions of accused and other evidence, certified and considered as upon demurrer to evidence, *held* to sustain and warrant the verdict.

3. IDEM—*Admissions.*—At such trial admissions of accused to matron of hospital to which he took prosecutrix, that he had seduced her, that she was before that respectable, and that he would marry her when her confinement was over and the child put into an infant asylum, are relevant and competent evidence.

4. IDEM—*Evidence—Birth of child.*—At such trial it was allowable to prove the birth of the child.

5. IDEM—*Leading questions.*—As the asking of leading questions is within the sound discretion of the trial court, and as in this case the witness was reluctant to testify or slow of understanding, and as the question did not produce any material addition to her previous words;

HELD:

    The asking of leading questions, under the said circumstances, constitutes no ground for reversal.

6. IDEM—*Indictment.*—One count charged the seduction to have been committed on a certain day. The other count charged the same offence to have been committed on a different day. The trial court refused to compel prosecutor to elect between the counts;

HELD:

    The indictment was good upon demurrer, and it was not error to refuse to compel an election between the counts.

Argued at Staunton, decided at Richmond. Error to judgment of circuit court of Shenandoah county, rendered June 25th, 1888, refusing a writ of error to a judgment of the county court of said county, rendered at its April term, 1888, sentencing Siram E. Hausenfluck to confinement in the penitentiary for the period of two years, he having been found guilty on an indictment for a felony. Opinion states the case.

*H. C. Allen,* and *W. R. Alexander,* for prisoner.

*Attorney-General R. A. Ayers,* for Commonwealth.

LACY, J., delivered the opinion of the court.

The case is as follows : The plaintiff in error was indicted, tried and convicted in the county court of Shenandoah county at the April term, 1888, for the seduction of Mary Alice Rinker, a girl under twenty-one years of age, of a previous chaste character. At the trial he was found guilty by the jury, and his punishment fixed at two years in the penitentiary. Several exceptions were taken during the trial, and, after a verdict, a motion was made to set it aside and grant the accused a new trial, which motion the court overruled ; whereupon the plaintiff in error applied for a writ of error to the circuit court of said county, which was refused, but which, upon application, was awarded by one of the judges of this court.

The first assignment of error is, that the county court erred in overruling the motion of the defendant to quash the indictment because the indictment was found by a grand jury consisting of only seven members ; that the fourteenth article of amendment to the Constitution of the United States forbids any State to deprive any man of his liberty except by " due process of law " ; that " due process of law " has a meaning well understood and thoroughly settled by repeated decisions; that an indictment is essential in all felonies, and there can be no indict-

ment except it be made by a regularly constituted grand jury
according to law; that it would be just as well to have a grand
jury of one as a grand jury of seven, and provide that the prose-
cuting officer shall be the grand jury; if competent to substitute
seven for twenty-three, it is just as competent to substitute in-
formation for indictment, and do away with grand juries alto-
gether; that an indictment under the Constitution of the United
States means an indictment preferred by a grand jury impaneled
in accordance with the rules of the common law; and that,
although the statute of this State provides for such a grand jury
as shall be composed of not less than six nor more than nine, a
grand jury so constituted is unlawful, because such an act is
unconstitutional.  The fourteenth article of amendment to the
Constitution of the United States does not provide for the num-
ber of persons to constitute a grand jury, nor does the fifth
article of amendment to the said Constitution so provide.  The
provision is that no person shall be held to answer for a capital
or otherwise infamous crime unless on a presentment or indict-
ment of a grand jury.  To look to the construction of a grand
jury, and of whom it shall be composed, we look to the statutes
of the States; if they are silent, we may look to the common
law, which is in force in this State, except so far as it has been
modified or altered by statute.  The State may compose the
grand juries in her courts as by law shall be provided, and the
number may be greater or less, as the law-making power may
prescribe.  There is no constitutional limitation on this question.
If the law provides for a grand jury of seven, then an indictment
by a grand jury of seven is due process of law.  There is no
prescription as to the number necessary to compose a grand jury
other than that to be found in the statute; and, the grand jury
in this case having been made up and constituted as the law
prescribes, there is no error in the ruling of the county court on
this point.

The next assignment of error which we will consider is as to
the action of the county court in overruling the motion to set

aside the verdict of the jury, and grant to the accused a new trial. Code Virginia, § 3677, provides: "If any person, under promise of marriage, seduce and have illicit connection with any unmarried female of previous chaste character, or if any married man seduce and have illicit connection with any unmarried female of previous chaste character, he shall be guilty of a felony, and upon conviction thereof, shall be punished by confinement in the penitentiary not less than two, nor more than ten, years." And section 3679 provides that no conviction shall be had under this section on the testimony of the female seduced, unsupported by other evidence. The evidence is certified by the court where the case was tried, and the case must be considered here as upon a demurrer to evidence by the plaintiff in error, as is provided by section 3484 of the Code of Virginia, which provides that when a case at law, civil or criminal, is tried by a jury, and a party excepts to the judgment or action of the court in granting or refusing to grant a new trial, on a motion to set aside the verdict of a jury, on the ground that it is contrary to the evidence, or when a case at law is decided by a court or judge without the intervention of a jury, and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence (not the facts) is certified, the rule of decision in the appellate court, in considering the evidence in the case, shall be as on a demurrer to the evidence by the party excepting ; that is, to consider the evidence as if the demurrant had admitted all that could reasonably be inferred by a jury from the evidence given by the other party, and waived all the evidence on his part which contradicts that offered by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily flow from it. In this case the prosecutrix, or the female seduced, proved the seduction ; that it was under a promise of marriage ; that she was before that time a woman of chaste character. This evidence must be supported by other testimony, as is required by section 3679 of the Code of Virginia, as we have seen.

In the certificate of evidence it is set forth that when this female was carried to the lying-in hospital, in Baltimore city, that she was entered there by the prisoner, who stated to the matron that he had seduced the girl, and that she had been respectable before that act on his part, and that he had taken her away from home to screen her disgrace and his own; that he was going to marry her as soon as she was over her confinement, and the child put out of the way—that is, in an infant asylum. Another witness, Good, testified that the parties were to meet at his house in·April, 1886, to take the night train, and to leave the State to get married, as the father of the girl objected to the consummation of the marriage; the girl was there, but that the prisoner came too late to take the train, and explained that an accident had prevented him from arriving in time to keep his promise. Another witness, Mrs. Bauselman, a school-mate and friend and life-long acquaintance of the girl, testified to the frequent attentions and private interviews between the two, and the good repute of the girl before that time. These witnesses support the testimony of the prosecutrix, and it cannot be said that her evidence was unsupported. There is evidence tending to contradict her, and tending to cast reproach upon her, all of which she denied, except two notes, which contained an invitation from her to the accused to come to her room, both living in the same house; but all this was submitted to the jury, and they passing between the prisoner and the Commonwealth, have found him guilty—that is, that he did seduce this girl under promise of marriage, and that she was a person of previous chaste character; and this verdict was not found upon the unsupported evidence of the female seduced. The jury were the proper triers of the fact. The judge who presided at the trial, and heard the witnesses testify, saw their demeanor when confronted with the accused and with each other, has refused to disturb the verdict; and this court cannot say that this verdict was found without evidence, nor against the evidence, and it cannot upon any proper principle, reverse the judgment upon this point.

It is further assigned as error that the trial court allowed evidence to be offered at the trial to prove the birth of the child. This fact went to support the charge that the girl had been seduced, and was properly admitted.

The next assignment of error is, that evidence was admitted of the repeated promises of the prisoner to marry his victim after the seduction had been accomplished. This did not, tend to prove the main fact, but it was admissible to support the testimony as to the main fact of the seduction, in explaining the delay in the prosecution of the seducer, and to support the statement of the girl that she had never gone astray with any other man.

The next assignment of error is as to the admission of the testimony of the matron of the lying-in house, concerning the confessions of the accused to her, as stated above. But these admissions were material in support of the statements and evidence of the prosecutrix, and were clearly admissible.

The next assignment of error is, that the attorney for the Commonwealth was permitted to ask the matron of the lying-in hospital a leading question as to the admissions of the accused. In the direct examination of a witness it is not allowed to put to him what are termed leading questions; that is, questions which suggest to the witness the answer desired. This rule, however, says Mr. Greenleaf, is to be understood in a reasonable sense ; for, if it were not allowed to approach the points at issue by such questions, the examination would be most inconveniently protracted. To abridge the proceedings, and bring the witness as soon as possible to the material points on which he is to speak, the counsel may lead him on to that length, and may recapitulate to him the acknowledged facts of the case, which have been already established. Again, says the same learned author : "Indeed, when and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court, and not a matter which can be assigned as error." Citing *Moody* v. *Rowell*, 17 Pick. 498, in which it is

said : "The court have no doubt that it is within the discretion of a judge at a trial, under particular circumstances, to permit a leading question to be put to one's own witness.   *     *     * This discretionary power, to vary the general rule, is to be exercised only so far as the purposes of justice plainly require it, and is to be regulated by the circumstances of each case." And Mr. Phillips is of opinion that the regular mode should be first exhausted in such cases before leading questions are resorted to. Phil. & A. Ev. 890, 891; 2 Phil. Ev. 404, 405.  The witness had been asked if the accused had made to her any admission of his guilt, and had answered that he had said to her that he was going to marry her, the said Alice Rinker, as soon as she was over her confinement, and the child was put out of the way; that is, put in an infant asylum.  She was then asked the question excepted to: "Did Mr. Siram Hausenfluck make any confession or admission to you in Baltimore that he had seduced Miss Alice Rinker under promise of marriage?" when the witness answered as before, the answer being the same as above. The witness was either reluctant or slow of understanding, and the question was framed in the objectionable form to bring her mind to the evidence to be brought out, and it obviously had no effect whatever, good or evil, as the witness said he did, and answered as before, which qualified the meaning of the added words; and this appears immaterial, and constitutes no ground for reversing the judgment.

It is also assigned as error that the court overruled the demurrer of the defendant to the indictment, and refused to require the Commonwealth to elect upon which count of the indictment the accused should be tried.  The first count in the indictment charges the crime to have been committed on the 24th day of May, 1886, and the second count charges that "afterwards, to-wit, on the 20th day of June, in the year 1886," etc., the crime was committed.  Mr. Bishop, in his work on Criminal Procedure, says: "In the criminal law the pendency of one accusation against a man can never be pleaded in bar or abatement of an-

other. Hence, in principle and on abundant authorities, to which very little in the books is opposed, no piling of count upon count in the same indictment, or incongruous or other ill joinder of counts, is strictly illegal, so as to be demurrable, or subject the judgment to be arrested or reversed on writ of error." Volume 1, § 424. See, also, sections 425–428. And in section 454, Id., it is said: "We have already seen that this compelling of an election pertains not to absolute law, but to judicial discretion. Ordinarily, therefore, in most of our States, the decision of the presiding judge, granting or refusing it, is not open to revision by the higher tribunal."

In this case each count set forth the same crime as committed on different days, and there was no misjoinder of counts, and the court properly exercised its discretion in not quashing the indictment or either count, and in not confining the evidence to any particular day. *Dowdy* v. *Com'th,* 9 Gratt. 727; *Lazier Case,* 10 Gratt. 710, 712. In the case of *Dowdy* v. *Com'th,* *supra,* it is said: "Whether the court should have quashed the indictment or compelled the prosecutor to elect on which count or counts he would proceed, depends upon whether the charges in the different counts 'are actually distinct,' in the language cited by the counsel from Chitty, 'and may confound the prisoner, or distract the attention of the jury.' There are some cases of felony in which, even though the charges are distinct, the prisoner would not be confounded, or the attention of the jury distracted, and in which, therefore, the charges may properly be included in the same indictment, and tried together; as, for example, the case of forging and uttering the same instrument, which are distinct offenses, and yet are often charged in different counts of the same indictment." See *People* v. *Rynders,* 12 Wend. 425. Judge Moncure said further, in the case of *Dowdy* v. *Com'th,* "But though there are cases of felony in which several charges, though distinct, may properly be included in the same indictment, I know of no case in which the several counts of an indictment were all for the same offence, and were in themselves good counts, where the indictment of any of the

counts has been quashed, or the prosecutor compelled to elect on which of them he would proceed." See the opinion of Buller, J., in *Young* v. *King*, 3 Term R. 106. In the case of *Kane* v. *People*, in the court of errors of New York (8 Wend. 211), the court said: "In cases of felony, where two or more distinct and separate offenses are contained in the same indictment, the court, in its discretion, may quash the indictment, or compel the prosecutor to elect upon which charge he will proceed; but, in point of law, it is no objection that two or more offenses of the same nature, and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It therefore forms no ground of a motion in arrest of judgment; neither can it be objected by way of demurrer or on a writ of error. It is every-day's practice to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out upon the trial. Each of the counts on the face of the indictment purports to be for a distinct and separate offense, and the jury very frequently find a general verdict on all the counts, although only one offense is proved; but no one ever supposed that formed a ground for arresting the judgment. If the different counts are inserted in good faith, for the purpose of meeting a single charge, the court will not even compel the prosecutor to elect." See also *Com'th* v. *Gillespie*, 7 Serg. & R. 479; 1 Chit. Crim. Law, 249; *Mowbray's Case*, 11 Leigh, 647; *People* v. *Gates*, 13 Wend. 311; *Rasnick* v. *Com'th*, 2 Va. Cas. 356; *Huffman's Case*, 6 Rand. (Va.) 685; *Paye's Case*, 9 Leigh, 683; *Lazier's Case*, 10 Gratt. 712, is cited by the counsel for the plaintiff in error as holding that "the prosecutor should have been compelled to elect for which offense he would proceed." In that case it is said: "So far from its being necessary to prove that offenses stated in different counts of an indictment are different offenses, if they are in fact different, and are felonies, the indictment may be quashed, or the prosecutor compelled to elect for which offense he will proceed, though the indictment will not on that ground be demurrable." Opinion of Moncure, J. How far this can form a ground for reversing the judgment we

have already seen; Buller, J., saying in the case of *Young* v. *King, supra,* as to this: "But these are only matters of prudence and discretion. If the judge who tries the prisoner does not discover it in time, I think he may put the prosecutor to make his election on which charge he will proceed. * * * But if the case has gone to the length of a verdict, it is no objection in arrest of judgment. If it were, it would overturn every indictment which contains several counts." In *Lazier's Case* one of the objections taken to the indictment was that the two counts appeared to be for the same murder, and that it should appear in the form of stating the offense in the different counts that they are for different offenses, or the indictment would be demurrable for duplicity. Judge Moncure (who delivered the opinion in that case, as he did in the case of *Dowdy* v. *Com'th, supra,* a short time before), said as to this objection: "It is usual to obviate this technical objection of duplicity by inserting the word 'other' before the subject of the offense in the second count; but it is not inserted in all cases, and its insertion in no case is indispensably necessary. It is not usual to insert it in indictments tor murder, but the party murdered is described in all the counts as the same person." The indictment in this case charged the same offense in each count, and the only difference is as to the time of its commission. This could not be two offenses. The offense could only be committed once between the same parties, and, while the second count might have been, and probably was unnecessary, it could in nowise confound the accused nor distract the jury; and it is clear that there was no error in the action of the county court in overruling this motion, and it certainly can form no ground for reversing the judgment. This disposes of all the errors assigned in the petition and in the briefs, and the court is of opinion that there is no error in the judgment complained of, and the same must be affirmed.

JUDGMENT AFFIRMED.