# THE STATE v. CHARLES PHILLIPS, Appellant.

### Division Two, December 13, 1904.

1. **SEDUCTION UNDER PROMISE OF MARRIAGE: Corroboration.** In a prosecution for seduction under promise of marriage, a witness for the State testified that he had a conversation with defendant, in which defendant asked witness what he had better do. Witness said, "If you promised to marry the girl, you had better do it." Defendant said, "Yes, I know I did, but I ain't going to." Defendant denied this conversation. *Held*, sufficient, if the jury believed the State's witness, to corroborate the promise of marriage testified to by the prosecutrix.

2. ————: **Proof.** Where the prosecuting witness testifies that she consented to intercourse with the defendant on his promise to marry her, and the defendant does not testify either as to the promise of marriage or the intercourse, the jury, who are the triers of the facts, are authorized to find that the prosecutrix was seduced under a promise of marriage.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellis*, Judge.

AFFIRMED.

*Sayler & Kirkpatrick* and *John Dawson* for appellant.

The court should have given the instruction in the nature of a demurrer at the close of the State's case, there being no seduction in this case. State v. Reeves, 97 Mo. 668; State v. Eckler, 106 Mo. 585; State v. Primm, 98 Mo. 368.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, and *C. D. Corum* for the State.

The prosecutrix is corroborated by the evidence of witness Pierson, who testified that defendant told him

that he had promised to marry the girl, but did not intend to do so. This is sufficient evidence to convict, if believed by the jury, and the verdict herein must be sustained under the rule announced by this court in State v. Eckler, 106 Mo. 590.

GANTT, P. J.—This prosecution is by information filed by the prosecuting attorney of Nodaway county on the first day of the June term, 1903, of the circuit court of said county and duly verified. The information charges the seduction of Effie Sloan in said county on or about the first day of November, 1902, under a promise of marriage. The defendant was convicted and sentenced to three years in the penitentiary. The defendant was duly arraigned and pleaded not guilty. The record proper is without error. While the motion for new trial assigns error in the instructions, the refusal of the instruction in the nature of a demurrer to the evidence alone is urged for reversal in this court.

We have, however, examined all the other instructions, and they are such as have often received the approval of this court. The contention is that the evidence discloses no seduction. The facts disclosed in evidence are, substantially:

The prosecutrix was a young woman about twenty years of age. She and the defendant had known each other for four or five years. Their families had visited each other. They lived at one time within a half mile of each other. The reputation of the prosecutrix as a young woman of good repute for chastity prior to the commission of the offense was shown to be good. The contrary was not attempted to be shown. She was twenty years old at the time of the illicit connection. She testified that, on the evening before her ruin was accomplished, upon defendant's request she took a buggy ride with him. During that time he asked her to have sexual intercourse with him and she repelled

State v. Phillips.

him, telling him she didn't approve of such a thing and would not do it. Nothing criminal resulted from this proposal and he drove to her home and left her, but said to her he was coming back the next evening, to which she made no reply. The next evening he came to her father's house. Her sister was working as a domestic about five miles from Elmo where her parents lived. Another young man came in a buggy to take the sister to her place of work and the defendant took the prosecutrix in his buggy and they drove along behind her sister and her companion until they came in sight of her sister's home and then turned back.

During this ride the defendant began again to coax the prosecutrix to have sexual intercourse with him. As on the previous evening he coaxed and pleaded with her and promised to marry her and assured her if anything happened to her he would marry her and take her to his brother's home. She testified he told her he would marry her; that she could not repeat all he did say to her, but he made her promises and was pleading with her and she came under his pleasure. He kept teasing and coaxing her and she trusted to his promises to marry her and yielded to him. When she found she was pregnant she told him of it and reminded him of his promise and he promised to fulfill his promise and marry her, but put it off and finally refused. A child, a boy, was born of this connection.

Norman Pierson, on the part of the State, testified he had lived in Maryville thirteen years, had taught school a portion of the time and had worked at the recorder's office two and a half years; that he knew the defendant; that on the 17th of June, 1903, in front of the Nodaway Valley Bank, he had a conversation with defendant. Defendant asked witness what he had better do. Pierson said, "If you promised to marry the girl, you had better do it." Defendant said, "Yes, I know I did, but I ain't going to." He

further said that he had been to see the girl since he had been arrested and that she wouldn't have anything to do with him, and asked Pierson if there was any way he could find out her exact age. Defendant denied this conversation. He did not testify either as to the promise of marriage or intercourse.

I. The promise of marriage was sufficiently corroborated if the jury believed Pierson's testimony and they evidently did. It is not for this court to attempt to weigh Pierson's evidence. That was the province and duty of the jury. He seems to have held responsible positions in Nodaway county. He lived there thirteen years.

II. It is insisted that there is an entire failure of proof of those arts and blandishments which are necessary to win the hearts of women and thereby compass their downfall.

We know of no standard gauge by which a jury are to measure with nicety just what wiles and protestations are sufficient to convict in seduction. So varied are the natures and dispositions of both men and women; so different in strength of character and in the education of moral sense, that it is apparent at once to the thoughtful mind that no rigid rule can be laid down in these cases. Much depends upon the manner and personal characteristics of the prosecutrix and defendant. The jury, who are the triers of fact, see both; they make and doubtless do make all necessary allowances in weighing the testimony of a young woman compelled to tell her shame in a courthouse before the public.

They doubtless give more credence to one who instinctively shrinks from detailing with brazen face the particulars of her undoing. The jury in this case was required to and did find that the prosecutrix was seduced and debauched under a promise of marriage, and

we can not agree that there is no sufficient evidence to sustain the verdict.

The verdict met the approval of the circuit judge who tried the cause, and while this court has always reserved the right to set aside a verdict when there was no evidence to sustain it or where it clearly appears to have been the result of passion or prejudice, we see nothing in this record which smacks of either and we do not feel justified in reversing the judgment upon this ground.

The judgment must be and is affirmed. All concur, except *Burgess, J.,* absent.