## Richmond.

## PLEASANT HARDING, JR., V. COMMONWEALTH.

January 19, 1922.

Absent, Saunders, J.

1.  SEDUCTION—*Promise of Marriage—Corroboration of Prosecutrix—
    Case at Bar.*—In corroboration of prosecutrix's testimony that
    accused seduced her under promise of marriage, it appeared
    that for some months accused paid prosecutrix very marked and
    constant attention, being during that time her only beau, and
    visiting her about three times each week; that after she became
    pregnant he admitted to as many as four of the witnesses for
    the Commonwealth that he had promised to marry her before
    he had become intimate with her; and that after finding out
    her condition he had recommended to her that she resort to
    some medical means of destroying the unborn child.

    *Held:* That there was abundant corroborating testimony, not
    emanating from the mouth of the prosecutrix, to sustain a con-
    viction.

2.  SEDUCTION—*Promise of Marriage—Corroboration of Prosecutrix—
    Admissions of Accused.*—The admissions of the accused to wit-
    nesses for the Commonwealth that before becoming intimate
    with prosecutrix he had promised to marry her, if believed by
    the jury to have been made, constitute sufficient corroboration
    of prosecutrix in a prosecution for seduction under promise of
    marriage.                                          .

3.  SEDUCTION—*Presumption of Chastity.*—In a prosecution for seduc-
    tion the chastity of prosecutrix is presumed under section 4410
    of the Code of 1919.

4.  SEDUCTION—*Chastity of Prosecutrix—Question for Jury—Case at
    Bar.*—In a prosecution for seduction the accused testified that
    one H. had admitted a previous intimacy with the prosecutrix,
    and that the prosecutrix had admitted the same thing.   Both
    H. and the prosecutrix denied having made such admissions,
    and prosecutrix testified that she had never been intimate with
    any man except the accused; and there was much affirmative
    and uncontradicted evidence to show that her previous reputa-
    tion for chastity was good.

*Held:* That under this evidence the question of the previous chaste character of prosecutrix was for the jury and settled in her favor by their verdict of guilty.

5.   SEDUCTION—*Venue—Case at Bar.*—The indictment in the instant case was found and the case tried in Fluvanna county. The evidence showed that both the accused and the prosecutrix resided in that jurisdiction. The accused testified that their acts of intercourse took place in her home, while she fixed the place as being near a road between her home and Antioch church, where they often went together.

  *Held:* That these facts created a strong presumption that the offense was committed in Fluvanna, and when to this presumption was added the certificate of the trial judge that according to his recollection "the venue of the offense was satisfactorily proved to have been in Fluvanna county," the case should not be reversed on the ground of lack of proof of venue.

6.   VENUE—*Affidavits as to Proof of Venue—Affidavits not Made Part of the Bill of Exceptions—Quaere.*—Whether affidavits of members of the bar present at the trial and of the court stenographer on the question of whether the venue of an offense had been proved at the trial, not made a part of the bill of exceptions, should be considered by the Supreme Court of Appeals is doubtful, notwithstanding agreement of counsel that the affidavits might be considered by that court.

7.   VENUE—*Time of Raising Question.*—It seldom happens that there is any real merit in an exception based upon a failure to prove venue, unless the question has been developed and made the subject of serious inquiry before verdict.

8.   SEDUCTION—*Credibility of Witnesses—Question for the Jury—New Trial.*—A man who will seduce a girl under promise of marriage, and then desert her, is quite capable of testifying falsely and endeavoring to procure false testimony from others. On the other hand, an unchaste woman who finds herself pregnant and attempts to lessen her shame by claiming that some man has seduced her under promise of marriage will generally swear falsely and seek to find corroboration of the falsehood in the testimony of others. In either case the credibility of the witnesses must be determined by the jury, and the courts, even if entertaining a different view, cannot in this particular interfere with the verdict.

Error to a judgment of the Circuit Court of Fluvanna county.

*Affirmed.*

The opinion states the case.

*Fife & Pitts,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

Upon an indictment charging that he did "feloniously, under promise of marriage, seduce and have illicit connection with Laura Tillman, an unmarried female of previous chaste character," Pleasant Harding, Jr., was tried, convicted and sentenced to a term of four years in the penitentiary. The case is here for review, and there are three assignments of error, which will be disposed of in their order.

1. It is claimed that the court erred in refusing to set aside the verdict, "because the promise of marriage was not corroborated." As a ground upon which to ask for a reversal of the judgment of the lower court, this assignment is wholly without merit.

[1, 2] The prosecutrix testified that the prisoner courted and became engaged to her, and that under and by virtue of the promise of marriage he seduced and had illicit intercourse with her. In corroboration of this testimony on her part, it appears, chiefly from the evidence of other witnesses, that the prosecutrix and the prisoner lived in the same neighborhood; that on January 1, 1919, he began, and thereafter for some months continued, to pay her very marked and constant attention, being during that time her only beau, and visiting her about three times each week; that after she became pregnant he admitted to as many as four of the witnesses for the Commonwealth that he had

35

promised to marry her before he had become intimate with her, and that after finding out about her condition he had recommended to her that she resort to some medical means of destroying the unborn child. The prisoner himself admits, in what appears to be a spirit of utter heartlessness, that he first secured the consent of the prosecutrix to improper relations with him by his kisses and embraces, and that thereafter he had intercourse with her many times. He also admits offering to aid her in taking steps necessary to produce an abortion. It is true that he denied having made the promise of marriage, and denied having admitted to others that he had made such promise. This, however, merely raises a conflict in the evidence which the verdict of the jury settled conclusively, and adversely to him. There was abundant corroborating testimony, not emanating from her mouth, to support and strengthen the evidence of the prosecutrix as to the seduction and promise of marriage. This meets the requirements of the law. *Hausenfluck's Case,* 85 Va. 702, 8 S. E. 683; *Mill's Case,* 93 Va. 815, 22 S. E. 863. The admissions of the accused, if believed by the jury to have been made as testified to, constituted sufficient corroboration. *Hausenfluck's Case, supra; Flick's Case,* 97 Va. 766, 34 S. E. 39; *State* v. *Baldoser,* 88 Ia. 55, 61, 55 N. W. 97; *State* v. *Knutson,* 91 Iowa 549, 552, 60 N. W. 129; *State* v. *Brinkhaus,* 34 Minn. 285, 286, 25 N. W. 642; *State* v. *Phillips,* 185 Mo. 185, 188, 83 S. W. 1080.

[3, 4] 2. The second assignment of error complains of the action of the court in refusing to set aside the verdict of the jury "because the evidence established the fact that the prosecutrix was not a female of previous chaste character." This, like the first assignment, is conclusively cut off by the finding of the jury upon the evidence. The prisoner testified that one John Herndon had admitted a previous intimacy with the prosecutrix, and that the prosecutrix herself had admitted the same thing. But Herndon

and the prosecutrix both denied having made any such admission; she testified most positively that she had never been intimate with any man except the prisoner; and there was much affirmative and uncontradicted evidence to show that her previous reputation for chastity was good.   Her chastity was presumed (Code 1919, sec. 4410, and Revisors' note and citations) ; and while, as pointed out above, his testimony made a conflict in the evidence on this point, the question thus arising addressed itself to and was settled by the jury.   (*Mill's Case,* 93 Va. 815, 819, 22 S. E. 863.) The jury evidently believed her and Herndon, and disbelieved the defendant.

[5-7]  3. The remaining assignment is that the court erred in refusing to set aside the verdict on the ground that the venue of the crime was not proved.

The indictment was found and the case was tried in Fluvanna county.   The evidence shows that both the accused and the prosecutrix resided in that jurisdiction.   The accused testified that their acts of intercourse took place in her home, while she fixed the place as being near a road between her home and Antioch church, where they often went together.   The evidence of the witnesses, as copied in the record, does not show in terms that the place of intercourse, as fixed by the prosecutrix, was in Fluvanna county, but in the bill of exceptions containing the evidence the trial judge is careful to set out that such evidence *"together with the certificate of the judge at the end of the stenographic report"* is all the evidence introduced; and the certificate referred to is as follows:  "It is certified that immediately after the rendition of the verdict, and while the evidence was fresh, a motion was made to set aside the verdict (as appears from the record), and it was urged by the defendant's counsel that there had been a failure to prove the venue of the offense as alleged, but the motion was overruled, the recollection of the court being, as it still

is, that the venue of the offense was satisfactorily proved to have been in Fluvanna county."

To support the contention that the venue was proved, counsel representing the Commonwealth filed the affidavits of R. H. Haden, member of the Fluvanna bar present at the trial, and of J. H. Payne and J. C. Shepherd, members of the jury, all three of whom made oath that the place of the offense as fixed by the prosecutrix was shown by affirmative evidence, in answer to a direct question by the attorney for the Commonwealth, to have been in Fluvanna county. To the contrary, counsel for the prisoner filed the affidavit of the stenographer, A. C. Williams, to the effect that the transcript of the evidence made by him and embodied in the bill of exceptions, was a true and accurate record. There is a stipulation in the record that these affidavits may be considered by this court, but they are not made a part of any bill of exceptions. The three affidavits first above mentioned are so definite and particular in their averments as to leave small room to doubt that the venue was specifically proved by one or more questions and answers designed especially for that purpose, and inadvertently omitted or overlooked by the stenographer. Whether these affidavits, notwithstanding the agreement of counsel that we may read them, are made a part of the record so as to permit us to consider them, seems doubtful, to say the least of it; but it is not necessary to rest the fate of the assignment now under consideration upon such affidavits. The other facts above recited, affirmatively appearing in the evidence as certified, may be said to raise a strong presumption that the offense was committed in Fluvanna. (*Richardson's Case,* 80 Va. 124.) When to this presumption is added the certificate of the trial judge that, according to his recollection, "the venue of the offense was satisfactorily proved to have been in Fluvanna county," we ought not to reverse the judgment on the ground that such proof was lacking.

The question of venue was not raised until after the verdict was rendered. The case in our opinion falls easily within the influence of the holding of this court in *West* v. *Commonwealth*, 125 Va. 747, 750, 752, 99 S. E. 654. In that case we used the following language, with which we may well conclude the discussion of this assignment of error: "It seldom happens that there is any real merit in an exception based upon a failure to prove venue, unless the question has been developed and made the subject of serious inquiry before verdict. Criminals are supposed to be and usually are indicted where they have committed the crime. The necessity of proving the locality is known to practically every tyro in the criminal practice. The record in this case shows that the court, counsel, jurors and witnesses must necessarily have been familiar with the location of the Robertson home on Sycamore street. No question was raised or hinted at as to the local jurisdiction of the court, until after the verdict was rendered. A motion was then made for a new trial on the ground that the venue had not been proved, and this motion was promptly overruled by a local judge of known experience and ability.

"The action of the court in overruling the motion, based on the view that the venue had been sufficiently established, comes to us not only with the usual presumption favoring the correctness of the judgment of a trial court, but upon the facts and circumstances appearing in the evidence and detailed above, which of themselves raise a violent presumption that the Robertson house was within the local jurisdiction of the court, and we do not feel warranted in reversing the judgment upon this point."

[8] In conclusion, we wish to add this comment: Cases of this character are not often free from conflicts in the evidence. A man who will seduce a girl under promise of marriage and then desert her is quite capable of testifying falsely and endeavoring to procure false testimony from

others. On the other hand, an unchaste woman who finds herself pregnant and attempts to lessen her shame by claiming that some man has seduced her under promise of marriage, will generally swear falsely and seek to find corroboration of the falsehood in the testimony of others. In either case, the credibility of the witnesses must be determined by the jury, and the courts, even if entertaining a different view, cannot in this particular interfere with the verdict. In the instant case, however, it does not seem amiss to say that the conflicts in the evidence are of minor consequence, and the verdict of the jury upon the real merits of the controversy is supported by a clear preponderance of proof.

The judgment is affirmed.

*Affirmed.*