COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


WARREN H. BRANDON

MEMORANDUM OPINION* BY
v.    Record No. 2434-98-2      JUDGE RICHARD S. BRAY
                                   JANUARY 11, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Robert S. Ganey for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Warren Brandon (defendant) was convicted by a jury on

indictments charging forcible sodomy and two counts of taking

indecent liberties with a minor, violations of Code §§ 18.2-67.1

and 18.2-370, respectively.  On appeal, he argues that the trial

court erroneously (1) allowed the Commonwealth to reference during

opening statement, and later introduce, evidence of other sexual

misconduct and related offenses by defendant, (2) permitted the

Commonwealth to pose leading questions of the child/victim, and

(3) imposed the sentences fixed by the jury.  Defendant also

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

challenges the sufficiency of the evidence to support the convictions.[1]  Finding no error, we affirm the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

## I.

At the conclusion of Commonwealth's opening statement, defendant moved the court to declare a mistrial, arguing that the Commonwealth had improperly ascribed to defendant numerous criminal acts which were "not part of the indictments and charges" before the court.  He complains on appeal both that the court denied the motion and allowed the Commonwealth to later introduce evidence of such "additional bad acts" at trial.[2]

"Making a timely motion for mistrial means making the motion 'when the objectionable words were spoken.'"  Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citation omitted), cert. denied, 503 U.S. 946 (1992).  "Failure to make timely objection ordinarily constitutes a waiver. . . .

---

[1] Defendant further contends that the trial court erroneously denied his motion to strike at the conclusion of the Commonwealth's case-in-chief.  However, because defendant subsequently presented evidence, "we consider the entire record to determine whether the evidence was sufficient."  Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995), cert. denied, 517 U.S. 1110 (1996).

[2] In overruling defendant's mistrial motion arising from the Commonwealth's opening statement, the court commented only that the remarks were "allowable," not that the referenced conduct was admissible evidence.

Counsel cannot remain silent when improper argument is made and after the whole argument is concluded . . . successfully move for a mistrial."  Russo v. Commonwealth, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966).  Thus, defendant's motion, first made at the conclusion of the Commonwealth's opening statement, was clearly untimely.

In apparent reliance on the earlier mistrial motion, defendant failed to object at trial when the Commonwealth sought to introduce evidence of other misconduct by defendant which had been mentioned during opening statement.  "However, statements made during an opening statement are not evidence" and do "not 'open the door' to otherwise inadmissible evidence."  Bynum v. Commonwealth, 28 Va. App. 451, 458-59, 506 S.E.2d 30, 34 (1998).  Thus, objections during opening statement are no substitute for timely objections to evidence subsequently offered at trial.  Cf. Harward, 5 Va. App. 468, 474, 364 S.E.2d 511, 513.  "Rule 5A:18 precludes [our] consideration of challenges to admissibility of evidence to which there has been no timely objection," unless necessary to "attain the ends of justice," a circumstance not reflected on the instant record.  Id. at 474-75, 364 S.E.2d at 514.

## II.

Defendant next contends that the trial court erroneously permitted the Commonwealth to "lead[]" and "cross examin[e]" the child/victim by asking, during direct examination, "Other than the

-

time with your mom and the time when you were jacking off,[3] was there ever any other time that you were undressed around [defendant]?," and "Now, have any other parts of your body been touched by Mr. Brandon?"  Both inquiries were preceded by the child's testimony describing specific incidents involving defendant.

A leading question improperly "suggest[s] to the witness the answer desired."  Hausenfluck v. Commonwealth, 85 Va. 702, 707, 8 S.E. 683, 686 (1889).  "Thus, any question on direct examination which tends to reveal the answer desired may be objectionable," an "obviously" "vague test" oftentimes determined by the "context of the question."  Charles E. Friend, The Law of Evidence in Virginia, § 3-5 (5th ed. 1999).  The rule, therefore, must "be understood in a reasonable sense," permitting an "approach [to] points at issue" which "bring[s] the witness as soon as possible to the material" issues.  Hausenfluck, 85 Va. at 707, 8 S.E.2d at 686.  "While we will not . . . say that [appellate courts] will not reverse because a leading question has been propounded to a witness[,] . . . trial courts are clothed with a large discretion in such matters, which [we] will not lightly undertake to control."  Flint v. Commonwealth, 114 Va. 820, 823, 76 S.E.2d 308, 310 (1912).

---

[3] In phrasing this question, the Commonwealth adopted the child's language from earlier testimony.

-

Here, the subject questions did not suggest an answer but, rather, simply furthered the Commonwealth's inquiry into matters properly in issue and appropriate to the witness. We, therefore, find no error in the court's ruling.

### III.

Thirdly, defendant, without amplication, argues on brief that, "Certainly [his] Motion raised important issues for consideration at a sentence reduction hearing. The Court did not even grant a hearing."

It is well established that "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). We, therefore, decline to address this issue.

### IV.

Lastly, defendant challenges the sufficiency of the evidence to support the convictions. In considering this issue, we view the record "'in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom. In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 404 S.E.2d 859, 866 (1998)

-

(citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  "When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or defendant's account of the facts[,]" but "may reject that which it finds implausible, [and] accept other parts which it finds to be believable."  Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  The judgment of the trial court will not be set aside unless plainly wrong or unsupported by the evidence.  See Code § 8.01-680.

In support of the instant challenge, defendant first points to inconsistencies in the child's testimony and the failure of Commonwealth witness John Thomas to reveal a pending felony charge, both credibility issues.  However, the child, then age 11, clearly recalled to the jury that defendant "took his penis and stuck it in [his] butt," testimony which was corroborated by independent evidence, including results of a physical examination.  Defendant's argument that witness John Thomas testified untruthfully is likewise without merit.  The record discloses that Thomas was never questioned relative to any unresolved charges but simply denied promises of leniency or other inducements from the Commonwealth in exchange for his testimony.

-

Defendant further contends that the Commonwealth failed to prove that he exposed his genitals to the child with lascivious intent, an element necessary to the indecent liberties offenses. Again, his assertion is belied by the record. Defendant admitted to Investigator Cindy Wood and David Dickerson, a Child Protective Service Worker, that he was twice "naked" in the presence of the child. In the first instance, defendant admitted that the child "watch[ed]" him masturbate and "left the room" after "he finished." However, the child testified that he and defendant, "together," were "jacking off with [their] hands . . . on [their] penises." On the second occasion, the child's mother was performing fellatio on defendant, then "standing in front of her," when the child entered the room, and defendant directed him to "get up on the bed and . . . f___ your mother," "do like I do." The mother testified that the child then "got up behind" her and "went through the motions, like he was doing it," while defendant "look[ed] at him." All were naked.

The lasciviousness contemplated by statute "describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970). Guided by such definition, we find that lascivious intent was manifest in defendant's conduct during the two perverse encounters with the child.

The record, therefore, provided ample support for the convictions.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>