81  159
100  864

# Richmond.

## BUTLER v. THE COMMONWEALTH.

### DECEMBER 3d, 1885.

1. CRIMINAL PRACTICE—*Felony—Preliminary examination.*—A person must be examined before a justice before he can be tried for a felony, unless he waives such examination. Acts 1877–'78, ch. 14, § 12, p. 328, and ch. 16, § 16.

2. IDEM—*Indictment.*—An indictment for the burning of "a certain store-house, not adjoining or occupied with the dwelling-house of one S.," sufficiently describes the store-house as the property of S. *Speer's Case,* 17 Gratt. 570.

3. IDEM—*Idem.*—An indictment which charges a breaking into a house with intent to steal, and stealing therefrom, is an indictment for house-breaking, and not for larceny, and is good.

4. IDEM—*Idem—Venire—Proof.*—An indictment cannot be sustained without proof that the offence was committed within the county or corporation where the venue is laid. But a strong presumption thereof raised by the evidence is sufficient. *Richardson's Case,* 80 Va. 124.

Error to judgment of corporation court of the city of Alexandria, rendered April 21, 1885, and sentencing Jesse Butler, the plaintiff in error, to confinement in the penitentiary for the period of three years, upon a verdict of the jury finding him guilty, on an indictment for house-breaking with intent to steal, &c.

The opinion states the case.

*Samuel G. Brent,* for the plaintiff in error.

*F. S. Blair,* attorney-general, for the Commonwealth.

RICHARDSON, J., delivered the opinion of the court.

The indictment charging that the plaintiff in error, Jesse Butler, " on the 13th day of February, 1885, in the said city— to wit: within one mile of the corporation limits of said city, did a certain store-house, not adjoining or occupied with the dwelling-house of one David A. Studds, there situate, in the night time of that day, feloniously did break and enter with intent, the goods and chattels of the said David A. Studds in the said storehouse, then and there being, feloniously to steal, take, and carry away, and twelve dollars of United States silver coin, of the value of twelve dollars, of the money and property of said David A. Studds, then and there being found, then and there feloniously, did steal, take, and carry away, against the peace and dignity of the Commonwealth of Virginia."

Upon his arraignment the prisoner moved the court to quash the proceedings, and objected to the arraignment, but assigned no grounds for his motion; which was overruled, and the prisoner excepted. He then moved to quash the indictment, and demurred to same; which motion and demurrer were also overruled, and the prisoner again excepted.

Upon the trial the jury rendered their verdict as follows— to wit: " We, the jury, find the prisoner, Jesse Butler, guilty as charged in the within indictment, and fix his punishment at confinement in the penitentiary for two years." Whereupon the prisoner moved the court for a new trial, and in arrest of judgment, which motions the court likewise overruled, and gave judgment upon the verdict as found by the jury.

The first assignment of error is, that the court below should have sustained the prisoner's motion to quash the indictment and proceedings, because the prisoner had not been carried before a justice of the peace of the said city for an examination of the alleged offence, and therefore could not be tried therefor.

After a careful examination of the authorities bearing upon

the subject, we have no difficulty in deciding that a person cannot in Virginia, be tried for a felony, without a previous examination of the offence of which he stands charged, before a justice, unless he waives such examination. See Acts 1877–'8, §12, ch. 14, p. 328; and §16, ch. 16, of same, p. 336. In Cahoon's Case, 20th Gratt. 733, decided in 1871, on the question whether such examination by a single justice was required by law as matter of necessity, before a person could be tried for a felony, though he had been indicted therefor by a grand jury of the county in which the offence is charged to have been committed, this court (four judges being present) stood equally divided, Moncure, P., and Anderson, J., earnestly contending that such previous examination was not necessary, whilst Staples, J., in an able and lucid opinion, in which Christian, J., concurred, supported the affirmative. In reply to Staples, J., Moncure, P., said (p. 763) that the former's construction of the statute required the striking out from section 16, ch. 207, Code of 1849 (same as §16, ch. 201, Code of 1873), the important words, "such process if the prosecution be for a felony," &c. Now, we pause here to observe that by the revision of the criminal laws of this State, made in 1878 (see Acts 1877–'8, ch. 16, §16, p. 338), those words, to which the learned president seemed to attach so much importance, were stricken out. But before they were so stricken out, in *Jackson's Case*, 23d Gratt. 919, decided in 1873, the same question arose and upon it the same four judges maintained the same positions which they had held in Cahoon's Case, but Bouldin, J., concurred with Staples and Christian, Js., on this point. But in point of fact, this assignment is not well taken, as the record in this case shows plainly that the plaintiff in error did have such an examination before a justice as he was entitled to before he was tried by a jury. It is important here to recur to the fact that the failure to allow the prisoner such an examination, was not

specified in the court below as the ground of the motion to quash the indictment and proceedings. And looking to the evidence, certified by the court below, it appears that the offence was committed on the 13th day of February, 1885; that the plaintiff in error was arrested on the charge on the Sunday following by a police officer of the said city; and that the charge was tried or examined before the mayor of the city, whilst the indictment was not found until April the 13th, 1885. Of course, the mayor of the corporation was, *ex officio,* a justice of the peace. Code 1873, ch. 48, §13.

The second assignment of error is that the demurrer to the indictment should have been sustained, " because there is no allegation therein as to the ownership of the store-house which was broken and entered." This assignment is bad. The indictment is exactly the same in form as that in *Speer's Case,* 17 Gratt. 570, except only that in that case there is, after the word " dwelling-house," a comma, whilst in this case the comma is wanting. The language is, " a certain store-house, not adjoining or occupied with the dwelling-house of one David A. Studds." It is manifest that the words " of one David A. Studds," were meant to express, and that they do express, that both store-house and dwelling-house were the property of David A. Studds.

As another assignment of error it is contended that the indictment charges two distinct offences; first, breaking and entering with intent to commit larceny; and secondly, larceny; and that the verdict is vicious in that it is general, and does not show of what offence the prisoner was convicted. The position is untenable. In *Speer's Case, supra,* it was expressly decided that an indictment which charges a breaking into a house with intent to steal, and the stealing therefrom, is an indictment for house-breaking only and not for larceny. The verdict found the prisoner guilty of the offence charged in the

indictment, which was house-breaking. The allegation of the actual stealing is the strongest evidence that the breaking was done with the intention to steal. 1 Hale 560; 2 East P. C. ch. 15, § 25, p. 514.

But the plaintiff in error contends that there is no evidence in the record to show that the offence was committed within the jurisdiction of the corporation court of the city of Alexandria. And this contention appears to be well founded. A careful examination of the evidence as certified satisfies us that it not only does not prove that the offence was committed within the corporate limits, or within one mile thereof, but does not furnish any foundation for a violent presumption to that effect. That an indictment cannot be sustained without proof that the offence was committed within the county or corporate limits where the venue is laid is well settled, and was decided by this court in the recent case of *Richardson* v. *The Commonwealth*, 80 Va. 124.

It is clear then that the court below erred in refusing to set aside the verdict and to award a new trial; and for this error alone we are of opinion to reverse the judgment complained of and remand the case to the corporation court of the city of Alexandria for a new trial, to be had therein in conformity with the views herein expressed.

JUDGMENT REVERSED.