Richmond

WALTER FORD KEESEE, JR. v. COMMONWEALTH OF VIRGINIA.

September 5, 1975.

Record No. 740999.

Present, All the Justices.

*Joseph R. Johnson, Jr.*, for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Walter Ford Keesee, Jr. appeals his convictions, after a jury trial, upon warrants charging that he unlawfully caused or encouraged two of his daughters under the age of 18 to commit misdemeanors. Code § 18.1-14. The sole issue we decide is whether the Commonwealth proved that the offenses occurred within the territorial jurisdiction of the trial court.

The Commonwealth concedes that there is no direct evidence of venue, but it contends that it has adequately shown the situs of the crimes to be within the City of Lynchburg by certain indirect and circumstantial evidence. We do not agree.

The crimes and surrounding events took place on April 12, 1974, in "Hill's Department Store" and on its adjacent parking lot. The facts relied on to establish venue are as follows: that an officer of the City of Lynchburg Police Department was assigned to investigate the crimes; that the defendant's automobile, which contained certain merchandise taken from the store, was moved, on the day of the offenses, to the City of Lynchburg police lot; that the defendant's wife called the City police station from the defendant's home in the City of Lynchburg and asked the investigating officer to come to the home to "talk" about the case; that the warrants issued against the defendant stated that the offenses took place within the City of Lynchburg; and that the offenses were committed at Hill's Department Store. This is not sufficient to prove that venue was properly laid.

The burden is on the Commonwealth to prove venue by evidence which is either direct or circumstantial. *Ware* v. *Commonwealth*, 214 Va. 520, 522, 201 S.E.2d 791, 793 (1974). The criminal charge cannot be sustained unless the evidence furnishes the foundation for a "strong presumption" that the offense was committed within the jurisdiction of the court. *Harding* v. *Commonwealth*, 132 Va. 543, 548, 110 S.E. 376, 378 (1922); *Butler* v. *Commonwealth*, 81 Va. 159, 163 (1885). The venue facts proved may be aided by judicial notice of geographical facts that are either matters of common knowledge or shown by maps of common use. *McClain* v. *Commonwealth*, 189 Va. 847, 853, 55 S.E.2d 49, 52 (1949).

But nowhere does this evidence show that Hill's Department Store is located within the jurisdiction of the Circuit Court of the City of Lynchburg. The record fails to reveal even the street on which the store is located. The mere facts that the local police department was involved in the investigation of the crimes and that the warrants recited proper venue, standing alone as they do here, will not suffice.

Nor can we say from this record that the location of Hill's Department Store is such a geographical fact which is a matter of common knowledge susceptible of being judicially noticed. Indeed, the record fails to show that the trial court took judicial notice of the location of the store property. *See Randall* v. *Commonwealth*, 183 Va. 182, 31 S.E.2d 571 (1944).

We have examined the cases relied on by the Commonwealth and find them all to be distinguishable on their facts. Of the cases cited, *West* v. *Commonwealth*, 125 Va. 747, 99 S.E. 654 (1919), is the most persuasive. But in that case the testimony established the geo-

graphical fact that the crime took place at a house located on "Syca-more Street," which was within the jurisdiction of the court, and the proof of venue in Petersburg was held to be sufficient. Furthermore, in *West* the question of venue was not raised until after verdict. In this trial, the question was raised by the defendant at the conclusion of all the evidence and before the jury was instructed.

For these reasons, the judgments of conviction will be reversed and the cases remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*