## Richmond

CHRISTOPHER ALLEN SUTHERLAND

v.

COMMONWEALTH OF VIRGINIA

No. 1444-86-2

Decided May 17, 1988

COUNSEL

Thomas L. Northam (Cowan & Owen, P.C., on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.—The defendant, Christopher Allen Sutherland, was convicted in a bench trial of grand larceny in violation of Code § 18.2-95. The sole issue on appeal is whether the Commonwealth proved that the offense was committed within the territorial jurisdiction of the trial court. We find that it did not and reverse the conviction.

I.

Christopher Sutherland was indicted in Chesterfield County for grand larceny of a white 1980 Chevrolet Chevette belonging to Julie Fox. The indictment charged that the offense occurred in Chesterfield County. At the trial of the offense in Chesterfield County, Julie Fox testified that, on the morning of March 26, 1986, as she was leaving her residence at 2907 Sherwin Road, she discovered that her car, a white 1980 Chevrolet Chevette, was not parked in front of the house where she had left it the night before.

She did not state in which city or county her residence was located. She immediately reported the theft to "the police."

Officer Francis of the Henrico County Police Department testified that, on March 28, 1986, he recognized a car fitting the description of Fox's in Henrico County. A chase ensued and the defendant ultimately was apprehended. The car was towed to the Henrico County impound lot and Officer Francis contacted Chesterfield County police. Chesterfield County police then proceeded to investigate the case.

At the close of the Commonwealth's case, Sutherland moved to strike the evidence for failure of the evidence to show that he "did take, steal and carry away [Fox's] automobile from Chesterfield County." The court overruled the motion, and Sutherland was convicted and sentenced to three years imprisonment.

On appeal, Sutherland contends that the Commonwealth failed to establish venue, in Chesterfield County. The Commonwealth contends that the defendant is procedurally barred from raising the issue on appeal and that, in any event, it has adequately shown by certain indirect and circumstantial evidence the situs of the crime to be within the County of Chesterfield. We disagree.

## II.

"[Q]uestions of venue must be raised before verdict in cases tried by a jury and before the finding of guilt in cases tried by the court without a jury." Code § 19.2-244. Otherwise, the question of venue is waived. The reason for this rule is simple: "It seldom happens that there is any real merit in an exception based upon a failure to prove venue, unless the question has been developed and made the subject of serious inquiry before verdict." *West v. Commonwealth*, 125 Va. 747, 752, 99 S.E. 654, 655 (1919). Furthermore, "[t]he failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses and jurors with the locality of the crime." *Byrd's Case*, 124 Va. 833, 839, 98 S.E. 632, 634 (1919). By calling the court's attention to the question of venue prior to a finding of guilt, the court may in appropriate circumstances take judicial notice of the location of the crime, *see Randall v. Commonwealth*, 183 Va. 182, 189, 31 S.E.2d 571, 573 (1944), or the Commonwealth can move to reopen its case to establish venue,

*see McClain v. Commonwealth*, 189 Va. 847, 855, 55 S.E.2d 49, 52-53 (1949). An appeal and possible retrial are thus avoided.

■ The Commonwealth contends that Sutherland is procedurally barred by Code § 19.2-244 from raising the question of venue on appeal because he did not adequately raise the issue in the trial court prior to a finding of guilt. We disagree. The Virginia Supreme Court has impliedly upheld the use of the motion to strike to challenge venue. *See Randall*, 183 Va. at 185, 31 S.E.2d at 572. At the close of the Commonwealth's evidence, Sutherland moved to strike the evidence for failure of the Commonwealth to prove that he "did take, steal, and carry away [Fox's] automobile from Chesterfield County." In other words, the Commonwealth failed to establish that the crime occurred in Chesterfield County. While Sutherland could have stated his venue objection more clearly, we find that his objection was sufficient to put the trial court on notice that venue was in question.

### III.

■ The question of venue being properly before us, we now determine whether venue was, in fact, established. Venue is proper in the city or county where the offense occurred. Code § 19.2-244. "[T]he burden is on the Commonwealth to prove venue by evidence which is either direct or circumstantial. Such evidence must furnish the foundation for a 'strong presumption' that the offense was committed within the jurisdiction of the court." *Pollard v. Commonwealth*, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (citing *Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)). "The facts proved may be aided by judicial notice of geographical facts that are matters of common knowledge or shown by maps in common use." *McClain*, 189 Va. at 853, 55 S.E.2d at 52.

In this case, no direct evidence of venue was produced. However, the Commonwealth relies on certain circumstantial evidence to support proof of venue. It asserts that the fact that Fox reported the theft to the police, that Chesterfield County police investigated the case after an Henrico County officer discovered the car in Henrico County, and that the indictment stated that the crime occurred in Chesterfield County, support an inference that the crime was committed in Chesterfield County. The Common-

wealth's reliance on these facts is mistaken. Allegations of venue contained solely in an indictment cannot supply proof. *See Anderson v. Commonwealth*, 100 Va. 860, 863, 42 S.E. 865, 865 (1902). The mere fact that police of a certain jurisdiction investigate a crime cannot support an inference that the crime occurred within their jurisdiction. *Keesee*, 216 Va. at 175, 217 S.E.2d at 810.

In *West v. Commonwealth*, 125 Va. 747, 99 S.E. 654 (1919), a husband and wife testified that property was stolen from their home on Sycamore Street. They neglected to state, and they were not asked, in which jurisdiction their home was located. They telephoned the "local police" to report the theft, and "local police" investigated the theft and testified at trial. The indictment charged that the offense occurred in Petersburg and that was where the trial was held. *Id.* at 750-51, 99 S.E. at 655. In finding that venue had been established, the court stated:

> It thus appeared that [the wife], from her home on Sycamore Street, where the offense was committed, called in the "local police officers," who proceeded to make an investigation and arrest, which resulted in the indictment and trial of the accused in Petersburg. The "local police officers" were unquestionably Petersburg officers, and there is small room for doubt that [the wife] telephoned to them and that they responded to her call because her residence was in the city, and therefore within their jurisdiction.

*Id.* at 751, 99 S.E. at 655. However, the court then held that the question of venue had been waived because the defendant failed to object to venue prior to verdict. *Id.* at 752, 99 S.E. at 655.

In *Keesee v. Commonwealth*, 216 Va. 174, 217 S.E.2d 808 (1975), warrants charged the defendant with unlawfully causing a minor to commit a misdemeanor in the City of Lynchburg. The evidence at trial revealed that the crimes took place at "Hill's Department Store," that Lynchburg police officers investigated the case, and that the defendant's car was impounded at the Lynchburg police lot. *Id.* at 174-75, 217 S.E.2d at 809. The court found that venue could not be inferred from the record because it did not show that Hill's Department Store was located in Lynchburg and that no inference could be raised from the fact that the local police department was involved in the investigation

of the crime or the fact that the warrant recited the offense occurred in Lynchburg. *Id.* at 175, 217 S.E.2d at 810. The court recognized that certain geographical facts of common knowledge could be judicially noticed but indicated that the fact of judicial notice must appear from the record. *Id.* Since the record in *Keesee* failed to show that the trial court took judicial notice of the location of "Hill's Department Store," the court reversed the conviction for failure of the Commonwealth to establish venue.

We find that the present case is more analagous to *Keesee* than to *West*. Fox merely testified that she telephoned "the police." Unlike *West*, where the wife testified she called the "local police" and "local police" responded to her call and investigated the crime, there is no indication in the record which police Fox called. Although Chesterfield police officers investigated the case and testified at trial, so too did a Henrico County police officer who investigated the case and testified at trial. Finally, although a trial court can take judicial notice of locations within its territory, we cannot assume that the trial court did so in this case. Even if Sherwin Road was a geographical location of such common knowledge that it was capable of being judicially noticed, it does not appear from the record that the trial court took judicial notice of its location.

Consequently, we find that the Commonwealth did not meet its burden of proving venue and reverse the conviction. However, the indictment need not be dismissed. "Proof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime." *Randall*, 183 Va. at 187, 31 S.E.2d at 573. Because "[t]he foregoing error did not stem from evidentiary insufficiency with respect to the guilt or innocence of the defendant," *Pollard*, 220 Va. at 726, 261 S.E.2d at 330, the case will be remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*

Koontz, C.J., and Benton, J., concurred.