# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

    v.

Ryal L. Thomas

May 17, 1991

Case No. (Criminal) 90-270

## By JUDGE JAY T. SWETT

The defendant, charged with the abduction of Dianah R. Turner in violation of Virginia Code § 18.2-47, has moved the court to dismiss the indictment on the ground that the prosecution of this offense is prohibited by the doctrine of double jeopardy. The facts necessary to resolve this motion were presented at the hearing held on April 19, 1991.

The abduction charge is based upon the allegation that on the morning of July 23, 1990, the defendant abducted Dianah Turner at gunpoint in Charlottesville and forced her to drive to the Sperry Marine facility on Route 29 North in Albemarle County. While there, the defendant shot and wounded one Neal Barlow. After the shooting, the Commonwealth contends that the defendant forced Ms. Turner to drive him back into Charlottesville. At some point later in the morning, the defendant was arrested.

Based on these alleged events, the defendant was indicted by the Charlottesville Circuit Court grand jury during the August 1990, term on a charge of abduction. In October, a grand jury in Albemarle County Circuit Court indicted the defendant on two felony charges related to the shooting of Neal Barlow, malicious wounding and the use of a firearm in the commission of the felonious malicious wounding. After the indictments, the defendant moved

the Albemarle Circuit Court to transfer the Albemarle charges to the Charlottesville Circuit Court so that all three could be tried at the same time. That motion was denied.

The defendant was tried and convicted of the Albemarle County charges in December of 1990. He was sentenced in April of 1991 to two years on the firearm charge and ten years eight months on the malicious wounding charge.

A review of a portion of the transcript of the Albemarle Circuit Court December, 1990, trial indicates that the Commonwealth called Dianah Turner in its case in chief. She testified about the alleged events which occurred early in the morning of July 23, 1990. She testified that she encountered the defendant on Cherry Avenue in Charlottesville and that he asked her for a ride to the house of someone by the name of Cutchins. She testified that she drove Thomas to the Cutchins's house and waited while the defendant went inside. When he returned, he had a gun. He re-entered the Turner vehicle and allegedly told Ms. Turner that if she did not drive him to the Sperry Marine plant, he would shoot her. She testified that she drove him to the Sperry plant parking lot where the defendant shot Barlow. She testified they then left Sperry, made a stop at a store and restaurant, and then returned to the Cutchins's house where the defendant was arrested.

The defendant contends in his motion that the Commonwealth will present the same evidence of the defendant's conduct in this abduction trial as was presented in the Albemarle County trial. To do so, argues the defendant, would violate state and federal constitutional prohibitions which preclude a person being tried for the same offense after he has either been convicted or acquitted of that offense in a prior trial.

The doctrine of double jeopardy, like most constitutional doctrines, is easy to recite as a general principle but difficult to apply to factual situations. As a general principle, the double jeopardy clause included in the Fifth Amendment prohibits the retrial or successive prosecution of a criminal defendant for the same criminal offense or criminal at which might be chargeable under two different criminal acts. Since 1932, the test to establish whether one transaction can be prosecuted under multiple criminal statutes or whether the double jeopardy clause restricts

the prosecution to a single offense is the one announced in *Blockburger v. United States*, 284 U.S. 299 (1932). There, the Supreme Curt stated that whether the double jeopardy clause prohibits or permits one transaction from being prosecuted under multiple criminal statutes depends on whether the offenses "requir[e] proof of a fact which the other does not." 284 U.S. at 304.

However, in the recent decision of *Grady v. Corbin*, 495 U.S. ---, 110 S. Ct. 2084 (1990), the Supreme Court added a second inquiry to the *Blockburger* test. In *Grady*, the Supreme Court held that the double jeopardy clause also bars a successive prosecution "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 110 S. Ct. at 2093. In *Grady*, the Court held that the application of the double jeopardy clause requires a trial court first to apply the *Blockburger* test. If that test does not preclude the subsequent prosecution, then the trial court must determine whether the government will prove conduct that constitutes an offense for which a defendant has already been prosecuted to establish an element of the current charge.

Applying these principles here, the application of the *Blockburger* test does not preclude the Commonwealth from proceeding with the abduction charge. Clearly, the elements of the offense of abduction require proof of facts not required to prove the offense of either malicious wounding or unlawful use of a firearm in a felonious malicious wounding. Therefore, under the *Blockburger* test, *the prosecution of the abduction charge is not barred*. The question is whether, under *Grady*, the prosecution for abduction is barred because the Commonwealth "will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 110 S. Ct. at 2093.

Here, the defendant argues that the Commonwealth intends to put on evidence of the defendant's conduct at the Sperry plant where he shot Barlow. Since he has already been tried and convicted for that offense, the defendant argues that he cannot, under *Grady*, be convicted of abduction based on that conduct. This argument is valid if the defendant's conduct at the Sperry plant will be offered by the Commonwealth to prove an essential element

of the abduction offense. However, it is not clear now that this is the Commonwealth's intention.

The elements of the crime of abduction under Virginia Code § 18.2-47 include (1) the seizure, transporting or detaining of a person, (2) by force, intimidation and without legal justification or excuse, (3) with the intent to deprive such person of his liberty. Given the fact that these are the elements of the offense of abduction, the inquiry under *Grady* is whether the prosecution will seek to establish "an essential element" of the offense of abduction by proving conduct that constitutes an offense for which the defendant has already been tried.

Here, the defendant is charged with an abduction that occurred in the City of Charlottesville. The Commonwealth must prove that the elements of the offense occurred in the City of Charlottesville. Va. Code § 19.2-244; *Pollard v. Commonwealth*, 220 Va. 723 (1980); *Sutherland v. Commonwealth*, 6 Va. App. 378 (1988). Thus, the conduct which occurred at the Sperry plant involving the shooting of Barlow cannot be conduct which could be offered to prove an "essential element" of the abduction of Dianah Turner in Charlottesville. Since the defendant's shooting of Barlow cannot be offered as evidence to prove an element of the abduction charge, then the double jeopardy clause does not preclude the Commonwealth from pursuing the abduction prosecution.

In denying defendant's request to dismiss the indictment based on the double jeopardy clause, the court makes no ruling on whether the conduct of the defendant that occurred at the Sperry plant is or is not admissible in the upcoming abduction trial. That issue is not before me.

An appropriate order will follow denying the motion to dismiss the indictment.