## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Preston Mills, Jr.

January 31, 1995

Case No. CR94-385 and 386

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether, on motion of the accused, several indictments returned by a multi-jurisdiction grand jury wherein the offenses allegedly occurred in separate jurisdictions, can be consolidated for trial in one jurisdiction.

*Facts*

The defendant is charged with three offenses of distributing cocaine in violation of Virginia Code § 18.2-248. The charges were returned in three separate indictments by the multi-jurisdiction grand jury on October 11, 1994. Two of the offenses are alleged to have occurred in the City of Fredericksburg; thus, those indictments are before this court for prosecution. One of the offenses is alleged to have occurred in Stafford County; thus, that indictment is before the Circuit Court of Stafford County for prosecution.

On January 30, 1995, the defendant appeared in this court for arraignment. He entered pleas of not guilty, and trial by jury was scheduled for April 6, 1995, for the two cases pending here. The defendant made a motion, in writing, that the indictment pending in Stafford County be consolidated for trial with the two indictments in the City of Fredericksburg so that all three charges, all of which were returned by the multi-jurisdiction grand jury, could be tried together on April 6, 1995. The special prosecutor for the multi-jurisdiction grand jury expressed no objection to the consolidation but questioned whether the court had authority to do so.

## Decision

Except as otherwise provided by law, the prosecution of a criminal case is had in the county or city in which the offense was committed. Virginia Code § 19.2-244. The burden is on the Commonwealth to prove venue by evidence, direct or circumstantial, in every criminal case. *Pollard v. Commonwealth*, 220 Va. 723 (1980). However, questions of venue must be raised before verdict. Otherwise, the question of venue is waived. Furthermore, proof of venue is not material to the merits of the prosecution; i.e., venue is not a part of the crime. See *Sutherland v. Commonwealth*, 6 Va. App. 378 (1988).

Because the offense charged in the indictment now pending in the Stafford County Circuit Court was committed in Stafford County, the case "shall be" prosecuted there. Although it is apparent that the defendant could waive proof of venue by failing to object to lack of such proof before verdict, or specifically waiving proof of venue on the record, it does not follow that the defendant can *compel* the Commonwealth to prosecute him in a jurisdiction other than the one in which the offense was committed, except where a change of venue is necessary to afford the accused a fair and impartial trial.

The fact that these indictments were returned by the multi-jurisdiction grand jury does not alter this result. The statutes authorizing and governing multi-jurisdiction grand juries (§ 19.2-215.1 et seq.) do not alter the general criminal venue provision of § 19.2-244. Only where venue would be proper in more than one jurisdiction can the presiding judge of the multi-jurisdiction grand jury elect in which one of the jurisdictions named in the indictment the prosecution is to be conducted. Virginia Code § 19.2-215.8. Nowhere in these statutes is there a provision that allows the accused to have all charges against him consolidated for trial in one jurisdiction served by the multi-jurisdiction grand jury.

Finally, the court notes that § 19.2-251 provides for a change of venue, on motion of either the accused or the Commonwealth, for good cause. Ordinarily, the statute is used to change venue for fair trial purposes. In any event, whether to change venue in the Stafford case so that it may be prosecuted in the City of Fredericksburg is a matter for the Stafford County Circuit Court to decide.

Finding that the defendant has no right to a consolidation and that this court has no authority to change venue of the charge pending in Stafford County, the motion to consolidate will be denied.