COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


PATRICIA A. JONES

v.          Record No. 1328-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                       NOVEMBER 14, 1995


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                       John D. Gray, Judge

           M. Woodrow Griffin, Jr. (James, Richardson, Griffin &
           Blanchard, on briefs), for appellant.

           Eugene Murphy, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on brief),
           for appellee.


     In a Circuit Court of the City of Hampton (trial court)

bench trial, Patricia A. Jones (appellant) was convicted of

carjacking, two counts of robbery, and two counts of abduction.

In this appeal, appellant contends that the Commonwealth failed

to prove the venue of the crimes, and that the evidence was

insufficient to prove she intended to or in fact committed the

crimes.  Upon familiar principles, we state the evidence in the

light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom.  Higginbotham

v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

     In the early hours of February 10, 1994, Michael Kazalski

(Kazalski) and Jennifer Brannon (Brannon) were dancing at a night

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

spot in Newport News. While they were there, they met appellant and Kevin Lowe (Lowe). As Kazalski and Brannon were leaving, appellant and Lowe asked them for a ride home. They agreed. Lowe directed them onto Jefferson Avenue and then right onto Harpersville Road. While they were traveling, Lowe pulled a knife on Brannon and directed Kazalski to drive to the end of a dead-end road.

At trial, Kazalski was shown a map of the City of Hampton and he testified that he could see only one "dead end" on the map and he knew that was "where [he] ended up." The parties stipulated that if Hampton Police Officer Hatfield were present in court he would testify that he responded to the incident and that he "picked them [Kazalski and Brannon] up on the corner of Magruder Boulevard and Floyd Thompson Boulevard in the City of Hampton and that Floyd Thompson Boulevard is the road that turns into the dirt road where this incident happened."

At the end of the dirt road, Lowe indicated he wanted money and directed Kazalski to get out of the car and remove his clothing. Kazalski did so. Lowe then told Brannon to leave the vehicle and remove her clothing. She removed everything but her underpants and socks. While these acts were occurring, appellant, without being told anything, left the back seat and entered the driver's seat of the vehicle. Lowe took the victims' clothing and then reentered the vehicle, after which appellant backed the car up and drove away.

When Lowe and appellant had left the scene, Kazalski and Brannon walked to the paved part of the road where they flagged down a vehicle whose occupants agreed to call the police. Officer Hatfield responded and picked up the victims at the intersection of Magruder Boulevard and Floyd Thompson Boulevard in the City of Hampton.

Appellant's motion to strike on the ground of venue was overruled by the trial court. The trial court opined that from "the dead-end at Magruder Boulevard, there's no way out except in the City of Hampton."

On the day following the incident, Lowe was found in possession of the victims' car and was arrested. Shortly thereafter, appellant was observed walking near the car, and the owner's manual to the stolen vehicle was found in a dresser drawer in a bedroom of appellant's apartment.

The burden is upon the Commonwealth to prove venue. Randall v. Commonwealth, 183 Va. 182, 31 S.E.2d 571 (1944). That burden may be met by direct or circumstantial evidence. Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809 (1975); see also Ware v. Commonwealth, 214 Va. 520, 201 S.E.2d 791 (1974). In addition to the facts proved, the Commonwealth's burden may be assisted by judicial notice of geographical facts of matters of common knowledge or shown by maps of common use. McCain v. Commonwealth, 189 Va. 847, 853, 55 S.E.2d 49, 52 (1949); Keesee, 216 Va. at 175, 217 S.E.2d at 809.

In the case before us, Kazalski was shown a map on which only one dead-end street was indicated. That street was identified as Floyd Thompson Boulevard which branched off Magruder Boulevard. Each of these boulevards was identified as being in the City of Hampton, and Officer Hatfield identified the dirt road extension of Floyd Thompson Boulevard as where the incident occurred. In addition, the direct and circumstantial evidence introduced to prove venue was assisted by the trial court taking judicial note that "there was no other way out [of the place where the incident occurred] except in the City of Hampton."

We hold that the evidence is sufficient to create the "strong presumption" required by law to prove that the crimes committed by appellant began, continued, and were concluded in the City of Hampton.

### Sufficiency

Appellant further contends that the evidence was not sufficient to support the finding that she committed the crimes. Every principal in the second degree may be indicted, tried, convicted, and punished as a principal in the first degree, Grant v. Commonwealth, 216 Va. 166, 168, 217 S.E.2d 806, 808 (1975), and a principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done. Snyder v. Commonwealth, 202 Va. 1009, 1015, 121 S.E.2d 452, 457 (1961). Here, appellant was riding in the back seat of the victims' car

- 4 -

when the co-defendant principal displayed a knife, forcing the victims to drive to a deserted area. Appellant not only made no protest but, when the principal was ordering the victims to leave their car, disrobe, and be robbed, without being directed to do so she moved from the back seat to the driver's seat and drove the principal and the stolen clothes and car away from the initial scene of the crimes. The evidence permits the reasonable inference that while the principal was physically committing the robberies and abductions, appellant sat by behind the driver's wheel waiting to aid the principal in his escape, and thereafter drove the "getaway" car in their escape. See Grant, 216 Va. at 169, 217 S.E.2d at 808; see also Whitbeck v. Commonwealth, 219 Va. 324, 170 S.E.2d 776 (1969). The crimes of robbery, carjacking, and abduction were clearly proved by direct evidence. Appellant witnessed the crimes, voluntarily moved to the driver's seat while the robberies were being committed, and drove the principal from the scene in the stolen car. This evidence is clear, direct, and convincing that she intended to aid and abet the principal. The fact that appellant and her criminal co-defendant told a different story does not require that on appeal their account be considered as fact. See Townes v. Commonwealth, 234 Va. 307, 334, 362 S.E.2d 650, 655 (1987), cert. denied, 485 U.S. 971 (1988) (holding that the exclusion of every reasonable hypothesis rule cannot be invoked unless the entire evidence is circumstantial).

For the reasons stated, we hold that venue was proved and the evidence is sufficient to support appellant's convictions. Accordingly, the judgments of the trial court are affirmed.

<u>Affirmed.</u>
