COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia

KEITH ERIC WILLIAMS
                                    MEMORANDUM OPINION* BY
v.        Record No. 2203-97-2      JUDGE JERE M. H. WILLIS, JR.
                                         JULY 7, 1998
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                      Richard H. C. Taylor, Judge

           Kelly A. Halligan (Halligan & Halligan, P.C.,
           on brief), for appellant.

           Thomas D. Bagwell, Senior Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     On appeal from his conviction for conspiracy to distribute
marijuana, Keith Eric Williams contends that the Commonwealth
failed to prove venue and therefore the trial court erred in
denying his motion to strike the evidence.  We affirm the
judgment of the trial court.

                                I.

     On appeal, we review questions concerning venue to determine
"whether the evidence, when viewed in the light most favorable to
the Commonwealth, is sufficient to support the [trial court's]
venue findings."  Cheng v. Commonwealth, 240 Va. 26, 36, 393
S.E.2d 599, 604 (1990).

     On January 21, 1996, Richmond Police Officer Richard J.

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Greeneich received a page from Jodie Williams (Jodie), Williams' wife.  At that time, Greeneich was working undercover and was employed as a bouncer at the Rack and Roll Cafe in downtown Richmond.  When Greeneich telephoned Jodie at her home in Hanover County, she asked him whether he wanted some marijuana.  Greeneich told her that he was going out of town and would call her upon his return.

On January 26, 1996, Greeneich telephoned Jodie at her Hanover County residence.  Williams answered the phone.  He asked whether he should bring Greeneich some marijuana that night.  Greeneich said that he had limited funds, but that Williams should bring the marijuana.  Greeneich did not see Williams that night.

The following day, Greeneich telephoned Jodie's Hanover County residence and spoke with both Williams and Jodie.  Williams apologized for not appearing the previous night, and said that he would bring marijuana to the Rack and Roll Cafe that night.

That evening, Jodie paged Greeneich at the Rack and Roll Cafe.  When Greeneich returned her call, Jodie expressed concern as to whether Williams had arrived, because he had the "stuff" in her vehicle.  Greeneich told her that he would tell Williams to call her at her residence.  When Williams arrived, he informed Greeneich that he had brought marijuana and that the price was $180 per ounce.  Greeneich replied that Jodie had given him a

better price.  Greeneich telephoned Jodie at her Hanover County home, and they agreed to a price of $150 per ounce.  Greeneich then informed Williams of the agreement, and advised him to call Jodie if he had any questions.  Shortly thereafter, Williams sold the marijuana to Greeneich for $150 per ounce.

                              II.
          Except as otherwise provided by law, the
          prosecution of a criminal case shall be had
          in the county or city in which the offense
          was committed.

Code § 19.2-244.
          [T]he burden is upon the Commonwealth to
          prove venue by evidence which is either
          direct or circumstantial.  Such evidence must
          furnish the foundation for a "strong
          presumption" that the offense was committed
          within the jurisdiction of the court.

Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (citing Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809-10 (1975)).

     Sufficient evidence supports the trial court's determination that venue lay in Hanover County.  In conspiracy cases, venue is proper where the conspiracy is made or where an act is committed in furtherance of the conspiracy.  Henry v. Commonwealth, 2 Va. App. 194, 199, 342 S.E.2d 655, 657-58 (1986).  The evidence supports a finding that Williams and Jodie conspired to distribute marijuana.  Thus, the only question is whether the conspiracy or some act in furtherance thereof occurred in Hanover County.

- 3 -

Greeneich acknowledged that he did not know whether Jodie had call forwarding, and admitted that he did not know whether Williams was actually in Hanover County when he spoke to him on the telephone on January 27, 1996. However, the Commonwealth was required to raise only a "strong presumption" that venue lay in Hanover County.

The evidence supports the inference that Williams and Jodie conspired to distribute marijuana while they were in Hanover County and that they acted in Hanover County in furtherance of that conspiracy. See Henry, 2 Va. App. at 198, 342 S.E.2d at 657 ("Each member of a conspiracy is responsible for the acts of others in furtherance of the conspiracy, and all conspirators, even those without knowledge of the particular act, may be tried where any of those acts are performed."); Zuniga v. Commonwealth, 7 Va. App. 523, 532, 375 S.E.2d 381, 387 (1988) (finding venue for conspiracy where co-conspirator telephoned defendant). The evidence sufficiently proves that Jodie resided in Hanover County, that Greeneich telephoned Jodie at her house there on several occasions, and that Greeneich spoke with both Williams and Jodie, who were then in Hanover County, concerning the purchase of marijuana.

Accordingly, venue was proper in Hanover County. The judgment of the trial court is affirmed.

Affirmed.