COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


DAVID ANDREW LAWHORN

MEMORANDUM OPINION[*] BY
v.    Record No. 2100-98-3        JUDGE RICHARD S. BRAY
OCTOBER 26, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(William E. Bobbitt, Jr., Public Defender, on
brief), for appellant.  Appellant submitting
on brief.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


David Andrew Lawhorn (defendant) was convicted in a bench

trial for possession of a firearm by a convicted felon, a

violation of Code § 18.2-308.2.  On appeal, he challenges only the

sufficiency of the evidence to prove venue in Augusta County.

Finding no error, we affirm the trial court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In reviewing sufficiency of the evidence, we consider the record "in the light most favorable to the Commonwealth," "discard[ing] all evidence of the accused that conflicts with that of the Commonwealth and regard[ing] as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

Viewed accordingly, the instant record discloses that Sergeant A.C. Powers of the Augusta County Sheriff's Department secured a warrant to search defendant's residence and automobile. The warrant was supported by information provided by defendant's estranged wife, Shelby Lawhorn, which pertained to a stolen "four wheeler" and certain firearms. During the related search, Powers discovered a 12-gauge shotgun in a bedroom of the home, a 9-millimeter pistol in the vehicle, and the four-wheeler "setting [sic] right behind" "a couple of old sheds" "across from" the residence. Powers testified that the house was located in

-

Craigsville, Virginia, and that "the four wheeler was recovered in the Craigsville, Augusta Springs area."

At the conclusion of the Commonwealth's case-in-chief, defendant moved the court to strike the evidence on the firearm charge, arguing that the record failed to establish that the offense occurred in Augusta County. The court denied the motion, taking "judicial notice," without objection, that "both Augusta Springs and Craigsville are in . . . Augusta County."

Called as a defense witness, Shelby Lawhorn testified that the couple acquired the residence by "deed of gift" in 1996 or 1997. However, in an effort to "get [defendant] in trouble," Mrs. Lawhorn admitted informing Sergeant Powers that she had "inherited some land in Craigsville" and had "heard through the grapevine that there was some stolen property out there," specifically mentioning a "four wheeler" and "the guns." She further testified that "the house is in Rockbridge County" and related property taxes were paid to that county, contrary to her prior statement to Powers that the realty was situated in Augusta County.

Defendant also testified that the property was located in Rockbridge County, but introduced neither the related deed nor tax verification.

At the conclusion of all the evidence, defendant renewed his motion to strike, again challenging the sufficiency of the evidence to establish venue. In denying the motion, the court commented that

-

> [t]he Commonwealth must produce evidence sufficient to give rise to a strong presumption that the offense was committed within the jurisdiction of the Court and what we have got here is the clear testimony of Mr. Powers that the Rockbridge line is a half a mile from where he was and we have the testimony of the Lawhorn's [sic], neither of whom are credible witnesses to the effect that it is in Rockbridge County. So this Court will find that it is a matter of fact in this case that this house in which this 12 gauge was found and the car in which the 9 millimeter were found were both located in Augusta County when they were found by Deputy Powers.

Defendant was subsequently convicted for the subject offense and initiated this appeal.

## II.

Generally, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. To establish venue, the Commonwealth must "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (citation omitted). "'The facts proved may be aided by judicial notice of geographical facts that are matters of common knowledge or shown by maps in common use.'" Sutherland v. Commonwealth, 6 Va. App. 378, 381, 368 S.E.2d 295, 297 (1988) (citation omitted).

-

Here, Sergeant Powers' testimony established that the offending firearms were found in the constructive possession of defendant on property located in Craigsville, Augusta County, Virginia.  Without objection, the trial court took judicial notice that Craigsville is located in Augusta County and expressly rejected testimony of both defendant and Mrs. Lawhorn to the contrary.  See Moore v. Commonwealth, 25 Va. App. 277, 289, 487 S.E.2d 864, 870 (1997).  Thus, the evidence sufficiently supported the finding of a strong presumption that the offense was committed in Augusta County.

Accordingly, we affirm the conviction.

Affirmed.