COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


ERNIE CLARENCE SWAIN, S/K/A
 CLARENCE E. SWAIN, III
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2430-99-1              JUDGE RICHARD S. BRAY
                                          OCTOBER 31, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dean W. Sword, Jr., Judge

              S. Jane Chittom, Appellate Counsel (Elwood
              Earl Sanders, Jr.; Public Defender
              Commission, on briefs), for appellant.

              Leah A. Darron, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


        Clarence E. Swain, III (defendant) was convicted in a bench

trial of unlawful wounding, a violation of Code § 18.2-51.  On

appeal, he complains the court erroneously 1) acted without the

requisite subject matter jurisdiction; 2) imposed a duty to

retreat upon him; 3) misconstrued the evidence; and 4) convicted

him upon insufficient evidence.  For the following reasons, we

reverse the trial court.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

Code § 19.2-239 confers jurisdiction on the respective circuit courts of this Commonwealth for "all presentments, indictments and informations for offenses committed within their respective circuits."  Code § 19.2-239.  Thus, a "criminal charge cannot be sustained unless the evidence furnishes the foundation for a 'strong presumption' that the offense was committed within the jurisdiction of the court."  Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809-10 (1975). "The burden is on the Commonwealth to prove venue by evidence which is either direct or circumstantial."  Id. at 175, 217 S.E.2d at 809.

"'Questions of venue must be raised before the verdict in cases tried by a jury and before the finding of guilt in cases tried by the court without a jury.'  Code § 19.2-244.  Otherwise the question of venue is waived."  Sutherland v. Commonwealth, 6 Va. App. 378, 380, 368 S.E.2d 295, 297 (1988).  When venue is challenged on appeal, we determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

-

Here, defendant did not object to venue before the finding of guilt and, therefore, clearly waived the objection. However, because a court must have subject matter jurisdiction to properly adjudicate an issue and "objections to subject-matter jurisdiction may be raised at any time and are not waivable," Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991), defendant couches his venue challenge on appeal in the more substantive issue of subject matter jurisdiction.[1]

Subject matter jurisdiction "must affirmatively appear on the face of the record; that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment [gives] cognizance." Shelton v. Sydnor, 126 Va. 625, 630, 102 S.E. 83, 85 (1920). The instant prosecution is clearly among a "class" of cases within the subject matter jurisdiction of the circuit courts of the Commonwealth, provided the offense was committed inside her boundaries. If not, the question of venue within a particular circuit is moot. Like venue, subject matter jurisdiction may be proven by direct or circumstantial evidence that indicates the

---

[1] "One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990).

-

crime occurred in the Commonwealth.  Owusu, 11 Va. App. at 672,
401 S.E.2d at 432.

Although the instant record provides no direct evidence
that the crime occurred within the Commonwealth or, more
specifically, the City of Portsmouth, sufficient evidence
otherwise established the requisite jurisdiction.  See West v.
Commonwealth, 125 Va. 747, 752, 99 S.E. 654, 655 (1919) (finding
circumstantial evidence sufficient to establish venue).  The
indictment recited defendant committed the alleged offense "in
the City of Portsmouth."  The victim testified that the initial
encounter with defendant occurred at the "Cradock Luncheonette,"
located on Afton Parkway.  Within minutes, the victim again
confronted defendant, prompting the offending incident at 40
Burtis Street, "near Afton Parkway," a location defendant
testified, "You are familiar with . . . if you live in
Portsmouth.  It's in Cradock."  At trial, defendant did not
raise either the issue of jurisdiction or venue.  Such
circumstances sufficiently established the requisite presumption
that the offense occurred both within the Commonwealth and the
City of Portsmouth.

Defendant's reliance upon Owusu for a different result is
misplaced.  There, the record made no mention of "street
address, town, or locality" in locating the crime.  Thus,
jurisdiction within the Commonwealth was unproven, an issue
"further confused" by evidence that Owusu had been arrested

-

. . . in Maryland." Id. at 673, 401 S.E.2d at 432. In contrast, both defendant and victim described the location of the instant crime by street name and area, "Cradock," expressly relating Cradock to Portsmouth.

## II.

The trial judge, in announcing his ruling, observed that the victim had inappropriately "purs[ed] [defendant], chas[ed] him around trying to throw a bicycle at him." Nevertheless, the court concluded that "the whole thing could have been avoided by [defendant] high footing it out of there and instead of doing that [defendant] armed himself deliberately." However, if defendant was "completely without fault" in precipitating the violent confrontation, he was under no duty to retreat but, rather, free "to stand his ground and repel the attack by force." Foote v. Commonwealth, 11 Va. App. 61, 67, 396 S.E.2d 851, 856 (1990). Thus, assuming the factual predicate recited by the court, the victim, not defendant, was the aggressor, a circumstance with abundant support in the record, and defendant was not required to flee before defending himself.

"[A] correct statement of the law is one of the 'essentials of a fair trial.'" Talbert v. Commonwealth, 17 Va. App. 239, 244-45, 436 S.E.2d 286, 289 (1993) (quoting Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citations omitted)). On the instant record, we cannot find that "'it plainly appears . . . that [defendant] had a fair

-

trial on the merits and substantial justice has been reached'"
and, therefore, must reverse the conviction.  Lavinder v.
Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991)
(en banc) (quoting Code § 8.01-678).

                               III.

    "Notwithstanding the fact that we reverse [the instant
conviction], we address [defendant's] sufficiency of the
evidence argument because the Commonwealth would be barred on
double jeopardy grounds from retrying [defendant] if we were to
reverse for insufficiency of the evidence."  Timbers v.
Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998).
"When the sufficiency of the evidence is challenged on appeal,
we determine whether the evidence, viewed in the light most
favorable to the prevailing party, and the reasonable inferences
fairly deducible from that evidence support each and every element
of the charged offense.'"  Cottee v. Commonwealth, 31 Va. App.
546, 554-55, 525 S.E.2d 25, 29 (2000).

    The record discloses that defendant and Tammy Jordan, while
seated at the Cradock Luncheonette, were approached by the
victim.  Defendant had previously rented an apartment from the
victim, and he inquired into the whereabouts of a stolen air
conditioning unit.  When the victim demanded the "F'ing air
conditioner" from defendant, defendant "just laughed" and exited
the restaurant, remarking to Jordan, "[w]e can't eat here."

                               -

The victim persisted, however, and, within ten to fifteen minutes, again confronted defendant on a nearby street. Approaching to within "about 10 inches" of defendant, he "asked [defendant] where was [the] air conditioner." The victim recalled, "the next thing I know, I was on the ground, [defendant] hit me in the head with a stick." "[D]azed," the victim "picked . . . up" defendant's bicycle and "threw it at [defendant]," prompting defendant to flee, threatening to "get his gun and shoot" him. Such evidence, if believed by the fact finder, is sufficient to support the subject conviction of defendant for unlawful wounding.

Accordingly, for the reasons stated, we reverse the conviction and remand for a new trial, if the Commonwealth be so advised.[2]

Reversed and remanded.

---

[2] Because the remaining issues are unlikely to arise upon retrial, we decline to address them.

-