COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


DIANA CLAREEN HARRIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2199-05-2             JUDGE JEAN HARRISON CLEMENTS
                                                         OCTOBER 31, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        Catherine C. Hammond, Judge

          John W. Parsons (Law Office of Wood & Wood, PC, on brief), for
          appellant.

          Jonathan M. Larcomb (Robert F. McDonnell, Attorney General;
          Deana A. Malek, Assistant Attorney General, on brief), for
          appellee.


        Diana Clareen Harris (appellant) was convicted in a bench trial of two counts of grand

larceny, in violation of Code § 18.2-95, and two counts of uttering a forged check, in violation of

Code § 18.2-172.  On appeal, she contends the trial court erred in finding the evidence sufficient to

establish venue in Henrico County.  We agree with appellant and reverse her convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On January 10, 2005, a grand jury indicted appellant for committing two counts of grand larceny and two counts of uttering a forged check in Henrico County. A bench trial was held on May 19, 2005, in the Circuit Court of Henrico County.

At trial, the parties stipulated that, on June 24, 2002, the two checks at issue in the case "were passed" to the Ukrop's store at "Brook Run Shopping Center." The first check, "Check No. 8567," was made out to Crystal Braxton in the amount of $326.52. The second check, "Check No. 8541," was made out to Jarvis J. Days in the amount of $323.21. Both checks were cashed at the store to purchase merchandise and obtain cash. The parties further stipulated that the checks were counterfeit and the drawer's signature on them forged.

Admitted into evidence, both checks bear an imprint indicating they were cashed at "Ukrop's BROOK RUN Store [No.] 436." No other information regarding the store's location appears on the checks.

Crystal Braxton testified that appellant's boyfriend, John Whitaker, approached her in June 2002 about "cashing checks for him," and she agreed to participate in the plan. Three or four days later on June 24, 2002, appellant and Whitaker picked up Braxton, and appellant gave her "Check No. 8567," which was already filled out. Going to the Ukrop's "on Brook Road," Braxton used the check to buy groceries and received the balance in cash. Returning to the car, she gave appellant half of the groceries she had purchased and half of the cash. That same day, Braxton went to approximately nine other Ukrop's stores.

Braxton's boyfriend, Jonathan Days, also testified that he cashed a check he had received from appellant and Whitaker. On June 24, 2002, appellant and Whitaker picked him up and gave him "Check No. 8541," which had already been filled out. He "went into Ukrop's" and used the

check to purchase groceries and get cash back. He then gave half of the money to Whitaker and appellant.

Appellant testified that she resided in Henrico County where she lived "on and off" with Whitaker. Harris stated she became aware in 2002 of the check-forging scheme, but denied she ever went to Ukrop's with either Braxton or Days to pass checks.

At the conclusion of the Commonwealth's evidence, appellant moved to strike the evidence as insufficient to prove the charged offenses were committed in Henrico County. Finding the evidence sufficient to establish venue, the trial judge denied the motion. Renewing "the same arguments made on the initial motion to strike," appellant again moved to strike the evidence at the conclusion of all of the evidence, and the judge again denied the motion.

The trial judge found appellant guilty and sentenced her to a total of four years' incarceration, with three years suspended. This appeal followed.

## II. ANALYSIS

On appeal, appellant asserts there was no evidence presented at trial proving the alleged crimes were committed in Henrico County. Thus, she contends the trial court erred in finding the evidence sufficient to establish venue. We agree with appellant.

"[T]he prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. "To prove venue, the Commonwealth must produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the [trial] court, and this may be accomplished by either direct or circumstantial evidence." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)). In reviewing venue on appeal, we must determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Id.

- 3 -

Here, the record established only that Braxton and Days cashed the two checks at issue in this case at the Ukrop's store at "Brook Run Shopping Center." Nothing in the record indicated in what county or city that shopping center was located. Braxton testified that the Ukrop's store where she cashed one of the checks was "on Brook Road," but she could not say where on Brook Road the store was located. No evidence established where Brook Road was located. Thus, there was no direct evidence presented at trial that the crimes for which appellant was convicted were committed in Henrico County.

The Commonwealth suggests that, based on the evidence that was presented, the trial judge could have taken judicial notice of the "geographical fact" that the subject Ukrop's store was located in Henrico County. While it is true that "[t]he venue facts proved may be aided by judicial notice of geographical facts that are either matters of common knowledge or shown by maps of common use," Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975) (per curiam), the "fact of judicial notice must appear from the record," Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988) (citing Keesee, 216 Va. at 175, 217 S.E.2d at 809).

> Although "a trial court need not intone the words 'judicial notice' in order to notice a fact, the evidence, the arguments of the parties *and the statements of the trial court must demonstrate clearly* that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal."

Edmonds v. Commonwealth, 43 Va. App. 197, 201, 597 S.E.2d 210, 212 (2004) (quoting Dillard v. Commonwealth, 28 Va. App. 340, 347, 504 S.E.2d 411, 414 (1998) (emphasis added)). Nothing in the instant record indicates the trial judge took judicial notice of the location of the Brook Run Ukrop's. The Commonwealth did not ask the trial judge to take judicial notice,[1] and, in resolving the issue of venue, the trial judge merely stated, "I think there's enough." Thus, "we cannot uphold

---

[1] Nor did the Commonwealth ask to reopen its case in order to present additional evidence to establish venue.

- 4 -

the conviction on that basis." Dillard, 28 Va. App. at 347, 504 S.E.2d at 414; see also Sutherland, 6 Va. App. at 383, 368 S.E.2d at 298 (reversing the conviction because the record failed to show the trial judge took judicial notice of the location of the street where the crime occurred).

The Commonwealth also contends the fact that Henrico County police officers investigated the subject crimes permitted the trial court to conclude those crimes were committed in Henrico County. It is well settled, however, that, while evidence that "local police officers" investigated a crime may supplement other circumstantial evidence of venue, West v. Commonwealth, 125 Va. 747, 750-51, 99 S.E. 654, 655 (1919), "[t]he mere fact that police of a certain jurisdiction investigate[d] a crime cannot support an inference that the crime occurred within their jurisdiction," Sutherland, 6 Va. App. at 382, 368 S.E.2d at 297 (citing Keesee, 216 Va. at 175, 217 S.E.2d at 810). Hence, such evidence fails, by itself, to establish venue.

We hold, therefore, that the evidence in this case is not sufficient to give rise to a strong presumption that the offenses were committed in Henrico County. Consequently, the Commonwealth did not meet its burden of proving venue, and we reverse appellant's convictions. "'Proof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime.'" Id. (quoting Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)). Accordingly, we remand the matter to the trial court for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.